I concur in the result reached in the unpublished memorandum. I join that part of Judge Shaw's special writing that recognizes the need for special consideration of this case in light of the fact that it presents the first opportunity for this Court to evaluate, in the context of Crawford v. Washington,541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the admissibility of a variety of statements by a victim, including an emergency 911 call, to the police during initial field investigations and to medical personnel, family, and friends. I agree with most of the discussion and analysis in Judge Shaw's special writing, and I agree with the conclusion reached in that writing that the statements to the 911 operator and to family, friends, and medical personnel were nontestimonial.
I disagree only with Judge Shaw's conclusion that all of the statements to law-enforcement officers were nontestimonial. I agree that the victim's initial statement to Officer Dannelly at the scene was nontestimonial; of greater concern was the statement the victim made to Detective *Page 1077 
Roberts at the emergency room. The United States Supreme Court, while not defining "testimonial" specifically, did state, "Statements taken by police officers in the course of interrogations are also testimonial under even a narrow standard." Crawford, 541 U.S. at 52, 124 S.Ct. 1354. Some courts have held that statements made by witnesses to police officers investigating a crime are testimonial. E.g., Jenkins v.State, 278 Ga. 598, 604 S.E.2d 789 (2004). Even if the statement to Detective Roberts was testimonial, however, its admission was harmless because it was cumulative.
I disagree with the majority's treatment here of this recent decision by the United States Supreme Court because I believe additional analysis and discussion was necessary for each of the categories of people who heard the victim's statements. However, because I agree that no reversible error occurred, I concur in the result reached in the unpublished memorandum.